FILED

September 8 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0576

DA 14-0576

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 269N

IN RE THE MARRIAGE OF:

RICHARD T. VIRGA,

        Petitioner and Appellant,

   v.

AMANDA M. VIRGA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR-13-86
Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Joan E. Cook, Law Office of Joan E. Cook; Missoula, Montana

        For Appellee:

            Amanda M. Styles (self-represented); Lolo, Montana

Submitted on Briefs:  July 15, 2015
Decided:  September 8, 2015

Filed:

                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Richard T. Virga (Richard) appeals from the order of the Montana Fourth Judicial District Court, Missoula County, adopting a final parenting plan. We affirm.

¶3 In April 2008, a child was born to Richard and Amanda Virga (Amanda). Richard and Amanda were married on October 3, 2009. In March 2012, a second child was born to Richard and Amanda. On February 8, 2013, Richard filed a petition for a temporary order of protection in Missoula County Justice Court, which excluded Amanda from the marital home and denied her contact with the parties' children. On February 11, 2013, Richard filed a petition for dissolution of marriage and proposed parenting plan and removed the temporary order of protection from Justice Court to District Court. After conducting a hearing on the order of protection, which was dismissed, the District Court appointed a Guardian ad Litem (GAL), at Amanda's request, to assist the District Court in deciding on an appropriate parenting plan.

¶4 In her initial report the GAL recommended a "primary home model" parenting plan with the children living primarily with Amanda and Richard having parenting time two nights per week and weekends. In the GAL's final report she recommended a 50/50

shared time parenting plan primarily to minimize the co-parenting conflict between Richard and Amanda.

¶5     On March 5, 2014, the District Court held an evidentiary hearing on the outstanding issues in the case, which included the determination of a final parenting plan. The District Court heard testimony by witnesses from both parties regarding parenting plan recommendations. The GAL testified her recommendation of 50/50 shared parenting time was not in line with the District Court's parenting guidelines, but would be useful to minimize contact between Richard and Amanda. Catherine Jenni, a professor in counseling education who was called by Amanda to comment on the GAL's recommendations, testified the GAL's recommendations were not in agreement with the current understanding of child development or the District Court's primary home parenting guideline. The District Court found the primary home parenting guideline initially recommended by the GAL and subsequently recommended by Professor Jenni was in the best interests of the children. Based on its findings the court entered an order adopting a primary-home modeled parenting plan as the final parenting plan.

¶6     On appeal, Richard argues the District Court erred by failing to establish the final parenting plan was in the best interests of the children, and failing to state its reasoning on the record. He also argues the District Court erred when it relied on Professor Jenni's expert testimony to the exclusion of the testimony of the GAL to determine the final parenting plan.

¶7     In a parenting determination we review a district court's findings of fact to determine whether they are clearly erroneous. *In re Marriage of Schmidt*, 2014 MT 182,

¶ 8, 375 Mont. 420, 329 P.3d 570. A district court's parenting determination will be overturned only upon a clear abuse of discretion. *Marriage of Schmidt*, ¶ 8.

¶8 A district court must determine child custody in accord with the best interests of the child and take into consideration all relevant factors, including those delineated by statute. Section 40-4-212, MCA. While a district court must consider the statutorily enumerated factors when making its determination, we have held it need not make a specific finding as to each. *In re the Marriage of Graham*, 2008 MT 435, ¶ 19, 347 Mont. 483, 199 P.3d 211.

¶9 The District Court made several findings that address the § 40-4-212, MCA, factors. It found through the GAL's investigations that both parents were loving parents who were able to work together to meet the children's needs. However, the court also noted Richard and Amanda struggle when communicating with each other and their co-parenting communication was of specific concern. These findings effectively address the continuity and stability of the children's care found at § 40-4-212(h), MCA. Further, the court found the parents' interim 9:00 p.m. weeknight exchange schedule was not in the best interests of the children. This finding speaks to § 40-4-212(e), MCA, the mental and physical health of the children. Ultimately, the court considered testimony from the GAL and Amanda's expert and found the GAL's initial recommended plan along with certain modifications would address the parental communication issues and provide appropriate parenting time for both parents. We conclude that the court adequately considered the children's best interests in adopting a primary-home modeled final parenting plan.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were not an abuse of discretion.

¶11 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE